FILED
SUPERIOR COURT
OF GUAM

2025 DEC 22 PM 3: 48

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MAY D. HANNAH,<br><br>Plaintiff,<br><br>vs.<br><br>LUCILLE FLORES LEON GUERRERO, IGNACIO R. LEON GUERRERO, ALFRED F. LEON GUERRERO, MARK D. LEON GUERRERO, and BRIAN LEON GUERRERO<br><br>Defendants. | CIVIL CASE NO. CV1651-10<br><br><br>DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE |

This matter came before the Honorable Dana A. Gutierrez on Plaintiff May Hannah's Motion to Substitute filed on May 7, 2025. Following the completion of briefing, the Court initially set the matter for hearing but, upon stipulation of the parties, vacated the hearing and took the matter under advisement as of September 23, 2025.

Having reviewed the pleadings and the record in this case, the Court now **GRANTS** Plaintiff's Motion for the reasons set forth below.

### BACKGROUND

Plaintiff May Hannah ("Plaintiff") filed a complaint against Defendants Lucille Flores Leon Guerrero, Ignacio R. Leon Guerrero, Alfred F. Leon Guerrero, Mark D. Leon Guerrero, Brian F. Leon Guerrero, and Does 1 to 11 on September 21, 2010. *See* Compl. (Sep. 21, 2010). After a jury trial and the entry of an amended judgment in 2017, the Supreme Court of Guam vacated and

remanded the matter. *See Hannah v. Leon Guerrero*, 2020 Guam 15. Defendant Ignacio R. Leon Guerrero ("Leon Guerrero") passed away on July 1, 2019. Defs.' Opp'n to Pl.'s Mot. to Substitute at 2 ("Opp'n"). Defendants filed a Notice of Suggestion of Death on December 18, 2020. *Id.*

On February 1, 2022, the Court denied Plaintiff's first motion to substitute without prejudice because no administrator or personal representative of Mr. Leon Guerrero's estate had been identified and because service of the suggestion of death did not comply with Guam Rules of Civil Procedure ("GRCP") Rule 5. Decision & Order Den. Pl.'s Mot. to Substitute Without Prejudice at 3–8 (Feb. 1, 2022) ("2022 D&O").

On October 16, 2024, the parties submitted a stipulation stating that further briefing on the issue of substitution under GRCP Rule 25 ("Rule 25") would be held in abeyance pending a good faith attempt to resolve the dispute through a settlement conference. After engaging in a settlement conference, the parties did not settle. On April 16, 2025, the Court issued an Order for Briefing Pursuant to Stipulation, directing the parties to submit briefing on the operation of Rule 25 as it relates to the substitution of the deceased party, Mr. Leon Guerrero. Order for Briefing Pursuant to Stip. at 2–3 (Apr. 16, 2025).

On April 30, 2025, the parties submitted a stipulation to extend the deadline to file their opening briefs to May 6, 2025, with responses due by May 13, 2025. Stip. re Extension at 1 (Apr. 30, 2025). The Court granted the stipulation. On May 6, 2025, Defendants filed their briefing on Rule 25 in accordance with the Court's order. Defs.' Brief on Order at 1 (May 6, 2025). Plaintiff filed her Rule 25 briefing on May 7, 2025, and filed her response to Defendants' briefing on May 13, 2025. Pl. May D. F. Hannah's Rule 25 Briefing at 1; Pl. May D. F. Hannah's Resp. to Defs.' Brief on Order (May 13, 2025). Defendants did not file a response to Plaintiff's Rule 25 briefing.

2

On May 7, 2025, Plaintiff filed her Motion to Substitute ("Mot."). Defendants filed an Opposition to Plaintiff's Motion to Substitute ("Opp'n") on June 6, 2025, and Plaintiff filed a Reply on June 20, 2025.

## DISCUSSION

### I.    The Claims Have Not Been Extinguished

Defendants argue that Plaintiff's claims against Mr. Leon Guerrero are extinguished by his death, but Guam's survival statute, 15 GCA § 2209(a), provides that causes of action continue against a decedent's personal representative except for punitive damages barred by § 2209(b). Therefore, Plaintiff's substantive claims—including aiding and abetting breach of fiduciary duty, aiding and abetting fraud, aiding and abetting conversion, and quiet title—survive Mr. Leon Guerrero's death.

### A.    The Claims Against Mr. Leon Guerrero Survive under 15 GCA § 2209(a)

Guam's survival statute provides that, except as expressly limited, "no cause of action shall be lost by reason of the death of any person but may be maintained by or against such person's personal representative." 15 GCA § 2209(a). Defendants contend the claims against Mr. Leon Guerrero are extinguished because he was alleged only to have "abetted" his co-defendant wife and because any interest he held in the property has passed to heirs who are already defendants. Opp'n at 3–4.

This position is at odds with the plain text of the statute. Section 2209(a) preserves causes of action against a decedent's personal representative subject to the principal limitation that appears in § 2209(b), which bars exemplary or punitive damages against an estate. Thus, Plaintiff's substantive claims—including aiding and abetting breach of fiduciary duty, aiding and abetting

3

fraud and deceit, aiding and abetting conversion, as well as the claims for constructive trust and quiet title—survive his death.

### B.  The Issue of Punitive Damages Is to Be Decided Later

Plaintiff's Reply suggests that any questions regarding punitive damages are matters for later stages of this case and requests separate briefing. Reply at 5–6. Because punitive damages were not raised in Defendants' opposition to substitution and because the potential availability of punitive damages does not affect the survivability of the underlying claims, the Court thus will not address dismissal of any claims in this motion to substitute. The parties may, of course, take appropriate action regarding the dismissal of any causes of action or claims for specific damages concerning a party.

### II.  The Motion Is Not Untimely Because the 90-Day Period Never Began to Run

Defendants argue that Plaintiff's May 7, 2025 substitution motion is barred because more than 90 days have passed since their December 18, 2020 Notice of Suggestion of Death. In the 2022 D&O, this Court noted that Rule 25 requires two affirmative steps to start the 90-day clock: first, a formal suggestion of death on the record, and second, service on the parties under Rule 5 and on nonparty successors or representatives under Rule 4. 2022 D&O at 3 (quoting *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)). Accordingly, the Court found in its 2022 D&O that Defendants' 2020 Notice was defective in that it was not properly served on Plaintiff and did not identify the personal representative of the estate of Mr. Leon Guerrero. *See* 2022 D&O at 5, 8. Because the record reflects no other filing of a Notice of Suggestion of Death that complies with the Court's 2022 D&O, the 90-day period never began and Plaintiff's Motion is not untimely.

### A.     Defendants' Suggestion of Death Filed in 2020 Did Not Trigger the 90-Day Clock under Rule 25

Rule 25(a)(1) requires that a motion to substitute be filed within 90 days "after death is suggested upon the record by service of a statement of the fact of the death," with service on parties under Rule 5 and on nonparty successors or representatives under Rule 4. Guam R. Civ. P. 25(a)(1); *see Barlow* 39 F.3d at 233–34 (9th Cir. 1994) (held that "the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute.").[1] Defendants argue their December 18, 2020 Notice of Suggestion of Death triggered the 90-day clock, rendering Plaintiff's May 7, 2025 motion untimely. Opp'n at 5–6. The Court has rejected this contention before. In its 2022 D&O, the Court found that the Notice did not trigger the 90-day clock because it failed to identify a successor or personal representative and because service did not comply with Rule 5. 2022 D&O at 3–8. When the 90-day clock never begins, a later motion to substitute cannot be time-barred. *See Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) ("The rule imposes no time limit for the substitution other than that commenced by proper service of a suggestion of death upon the record.").

The law-of-the-case doctrine also precludes relitigation of the Court's determination in the 2022 D&O absent an intervening change in controlling law, new evidence, or clear error—none of which Defendants have shown. *See People v. Hualde*, 1999 Guam 3 ¶ 13 ("[A] court is generally

---

[1] "[B]ecause the Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure . . ., federal decisions that construe the federal counterparts to the [GRCP] are persuasive authority." *Portis Int'l, LLC v. Marquardt*, 2018 Guam 22 ¶ 7 n.1 (citing *Gov't of Guam v. O'Keefe*, 2018 Guam 4 ¶ 9).

precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.").

Federal authority construing the parallel Rule 25 of the Federal Rules of Civil Procedure confirms that the 90-day period is triggered only by a proper, formal suggestion of death on the record, served as Rule 25 requires; mere knowledge that a party has died (and by extension, knowledge of the identity of the decedent's personal representative) is insufficient. *See Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990) ("The running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death.") (citation omitted); *International Cablevision, Inc. v. Sykes*, 172 F.R.D. 63, 66 (W.D.N.Y. 1997) ("This requirement of a formal suggestion of death is absolutely necessary to trigger the running of the ninety days.") (citation omitted).

### B.      No Other Suggestion of Death Was Filed and Served

Nothing in the record reflects that, after the Court found Defendants' December 18, 2020 Notice of Suggestion of Death to be defective, a new or amended suggestion of death was filed and served on Plaintiff in compliance with Rule 5. *See* Dkt. Sheet, CV1651-10. Absent a valid, properly served suggestion of death, the 90-day period never commenced.

### C.      Later Developments in the Probate Case Do Not Replace Statutory Requirement under Rule 25

Defendants asserted, without case law or statutory support, that Plaintiff should have moved to substitute when Plaintiff became "aware of Mr. Leon Guerrero's death" and "of the probate proceedings in which a personal representative [for the estate of Mr. Leon Guerrero] was appointed." Opp'n at 5. The Court disagrees because actual knowledge of Mr. Leon Guerrero's

6

passing neither retroactively validates an earlier defective suggestion of death nor substitutes for Rule 25's requirement of "proper service of a suggestion of death upon the record." *See Fariss*, 769 F.2d at 962; *see also Essani v. Earley*, 2017 WL 3432192, at *2 (E.D.N.Y. 2017) ("Actual knowledge of the party's death is not sufficient, nor is mention of the death in court proceedings or pleadings."). Accordingly, Defendants' only suggestion of death remains defective and did not start the 90-day clock. Plaintiff's May 7, 2025 motion to substitute is not untimely.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Substitute is hereby **GRANTED**.

**SO ORDERED this 22nd day of December, 2025.**

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

7